UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

PIZZA MY HEART, INC.,        )
                                     )
        Plaintiff,       )
                                     )
        v.               )     Case No. 1:20CV77
                                     )
LPMH LLC, NATHAN SCATES   )
JONES, and                 )
REILLEY JONES,         )
                                     )
        Defendants.     )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

      This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. #12]. Plaintiff Pizza My Heart, Inc. asserts claims in this case under 15 U.S.C. § 1114(1) and § 1125(a) for (1) unfair competition and false endorsement and (2) trademark infringement, against Defendants LMPH LLC, Nathan Scates Jones, and Reilley Jones. Defendants were served on January 27, 2020, and failed to respond to the Complaint or appear in the case. The Clerk entered default as to each Defendant on February 25, 2020. None of the Defendants have sought to set aside the entry of default or made any effort to appear or challenge the claims in this case. The Court notes that while federal courts generally favor decisions on the merits, "[u]responsive litigants should not be allowed to halt the adversary process, and diligent parties should be protected against undue delay and uncertainty." Steven Baicker-McKee, et al., Federal Civil Rules Handbook, West Publishing, (Rule 55) (2020). In the present Motion for Default Judgment, Plaintiff seeks only injunctive relief under 15 U.S.C. § 1116 and Federal

Rule of Civil Procedure 55(b)(2), to prevent Defendants from unauthorized use of the trademark and trade name LIL' PIZZA MY HEART and related heart logo (the "Infringing Marks").

The Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338. In addition, the Court has personal jurisdiction over Defendants because Defendant LMPH LLC is organized under the laws of North Carolina and has its principal place of business in this District, and Defendants Nathan Scates Jones and Reilly Jones operate the business in this District, and a substantial part of the acts by Defendants giving rise to the asserted claims occurred in this District.

Upon the entry of default, Defendants were deemed to have admitted all well-pleaded factual allegations of the Complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). The Court has reviewed the factual allegations in the Complaint, which are now taken as true in light of the Defendants' default. The Complaint alleges that Plaintiff is the owner of the trademark, service mark, and trade name PIZZA MY HEART, which it has used in connection with its well-known chain of pizza restaurants since 1981, and a related Heart Logo which it has used since 2014. The Complaint further alleges that Plaintiff's trademarks are the subject of valid U.S. Trademark Registrations. The Complaint alleges that Plaintiff has engaged in nationwide use of its marks, including having "built a reputation throughout the United States and internationally," nationwide sales of branded t-shirts via the internet at www.pizzamyheart.com, and receipt of international awards and publicity. All of these allegations are deemed admitted and are accepted as true for the present case, in light of Defendants' default.

The Complaint further alleges that Defendant LPMH LLC was formed in 2016 and began operating a business under the trademark, service mark, and trade name LIL' PIZZA MY HEART and a heart logo in connection with pizza restaurants, specifically a pizza restaurant in Yanceyville, North Carolina beginning in March 2017 and a pizza restaurant in Danville, Virginia beginning in 2019. Defendants Nathan Scates Jones and Reilley Jones are the co-owners of that business.

Based on the allegations in the Complaint, Defendants' unauthorized use of the trademark and trade name LIL' PIZZA MY HEART and related heart logo is likely to cause confusion among consumers. 15 U.S.C. §§ 1114, 1125(a); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 930 (4th Cir. 1995). The use of the Infringing Marks, which are highly similar to Plaintiff's PIZZA MY HEART Trademarks, is likely to deceive consumers into believing that Defendants' pizza restaurant services are affiliated with, sponsored, or endorsed by Plaintiff. Defendants are trading off of the goodwill associated with Plaintiff's longstanding business. Defendants' use of the Infringing Marks irreparably injures Plaintiff in that it causes confusion among consumers, undermines Plaintiff's ability to control its reputation, and diminishes the goodwill associated with the PIZZA MY HEART Trademarks. The remedies available at law, such as monetary damages, are inadequate to compensate Plaintiff for the injuries to its reputation and PIZZA MY HEART Trademarks, which may continue to occur if Defendants are not enjoined from using the Infringing Marks. Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted. Plaintiff has a significant interest in its intellectual property and the goodwill it has garnered over the past 39 years, whereas Defendants have failed to appear in this case and

have failed to show any hardships in simply changing the name of its business. Finally, the Court finds that preventing consumers from being confused, misled, or deceived as to the affiliation between Plaintiff and Defendants, due to the confusingly similar trademarks, is in the public interest. See also Leading Edge Marketing, Inc. v. Builders ProSource, LLC, No. 3:09-CV-704-CMC, 2009 WL 2612817, at *4 (D.S.C. 2009); PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 126-27 (4th Cir. 2011).

IT IS THEREFORE RECOMMENDED that the Motion for Default Judgment be granted, and that Defendants LMPH LLC, Nathan Scates Jones, and Reilley Jones, and all persons and entities acting in concert with them, be permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116, from using in any manner in connection with Defendants' pizza restaurants or the services or goods offered or sold by them, or in connection with any advertising or promotions for such businesses, services, or goods, the LIL' PIZZA MY HEART trade name and trademark and related heart logo, or any similar trade name or trademark that is confusingly similar to PIZZA MY HEART and the Plaintiff's Heart Logo.

This, the 5th day of June, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
